IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CR-07-314-C |
| ) | CIV-16-110-C |
| RODERICK DESHON RICHARDS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his motion, Defendant challenges his sentence based on the Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). Defendant states that at sentencing his Guideline range was enhanced because he was deemed an armed career offender. However, Defendant argues, in light of Johnson, that enhancement is now improper and he should be resentenced. The parties have thoroughly briefed the issue of Johnson's retroactivity. Notwithstanding, the Court finds Defendant is not entitled to relief because he waived his right to collaterally challenge his sentence. It is undisputed that as part of his plea agreement, Defendant signed a waiver. That document waived certain of Defendant's rights including his right to file a collateral challenge to his sentence. Thus, the first issue that must be resolved is the validity of that waiver.

Defendant does not explicitly raise a claim of ineffective assistance of counsel as it relates to the plea agreement. Nevertheless, because a general ineffective assistance claim

is raised, the Court will examine Defendant's counsel's performance and ensure the plea agreement and accompanying waiver arose following effective representation.

The Tenth Circuit has set forth the standard to measure an argument of ineffective assistance in entering plea waiver:

> To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance. In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002). Further, defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial." Id. (citation omitted). Specifically, while defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors. See id. at 1074-75.

United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). Defendant offers no evidence or argument to meet his obligation. None of the alleged errors would have demonstrably altered the ability of Defendant to make an informed decision about pleading guilty. Therefore, the broad claim of ineffective assistance does not impact the validity of the waiver and does not warrant relief.

Having found that the alleged ineffectiveness of counsel does not provide a basis for vacating the plea and thus ignoring the waiver contained in the plea agreement, the Court

2

turns to the impact of the waiver on the remainder of Defendant's arguments. If the Court finds the waiver of appellate and collateral attack rights applicable and enforceable, Defendant's motion may survive only if enforcing the waiver would cause a miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004).

In paragraph 7 of the Plea Agreement, Defendant agreed to give up any right to "[a]ppeal or collaterally challenge his guilty plea . . . and any other aspect of his conviction . . . ." (Dkt. No. 67, p. 6.) Defendant's present challenge is within the scope of the waiver. See Hahn, 359 F.3d at 1325 ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver."). Defendant's motion raises the type of issues governed by the terms of the waiver.

Turning to the second Hahn prong, whether the waiver was knowing and voluntary, the Court finds this prong is likewise met, as Defendant's statements in the Petition to Enter Plea of Guilty provide ample evidence the plea was knowingly and voluntarily entered. Id. ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights."). In his briefs filed in connection with the present § 2255 Motion, Defendant does not challenge either of the first two Hahn prongs.[*]

---

[*] The Court notes that in response to Defendant's direct appeal, Plaintiff raised the appellate waiver and sought enforcement under Hahn. Defendant's appellate counsel filed an Anders v. California, 386 U.S. 738 (1967), brief. Defendant did not file a *pro se* response and the Tenth Circuit granted the motion to enforce. See United States v. Richards, 322 F. App'x 635 (10th Cir. 2009).

3

Finally, the third prong of Hahn considers whether enforcing the waiver will result in a miscarriage of justice because the waiver is "otherwise unlawful." Id. at 1327. It is here that Defendant makes his stand. According to Defendant, because his sentence was based on an improper enhancement, refusing to reduce that sentence will result in a miscarriage of justice. Defendant has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice. See United States v. Anderson, 374 F.3d 955, 959 (10th Cir. 2004). To advance his position, Defendant directs the Court to United States v. Sabillon-Umana, 772 F.3d 1328, 1334-35 (10th Cir. 2014), and United States v. Mendiola, 696 F.3d 1033, 1042 (10th Cir. 2012), arguing that each of these cases holds that applying a miscalculated guideline rage adversely impacts the integrity of the judicial process. Defendant argues that in United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015), the Tenth Circuit held application of the career offender guideline enhancement undermined the fundamental fairness of the sentence imposed. Id. at 1212. However, the analysis in Madrid was whether the sentence constituted plain error and did not involve an appeal waiver. Relying on the cases cited above, Defendant argues applying the appellate waiver will result in a miscarriage of justice.

Unfortunately for Defendant, his argument, while compelling, fails to apply the proper standard to the third prong of Hahn. The Tenth Circuit has explained the proper issue to be considered:

> Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible. An appeal waiver is not

4

> 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture.

[United States v. Sandoval, 477 F.3d 1204, 1208 (10th Cir. 2007)] (citation omitted). "The whole point of a waiver . . . is the relinquishment of claims regardless of their merit." Id. (internal quotation marks omitted). As we explained in United States v. Smith, 500 F.3d 1206 (10th Cir. 2007), this miscarriage-of-justice exception

>> looks to whether "the waiver is otherwise unlawful," not to whether another aspect of the proceeding may have involved legal error. [The defendant's] argument that alleged errors in the court's determination of her sentence should invalidate her appellate waiver illustrates what Hahn called "the logical failing[ ] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." [359 F.3d] at 1326 n. 12 (discussing whether an appeal waiver was knowing and voluntary); see also, e.g., United States v. Howle, 166 F.3d 1166, 1169 (11th Cir.1999) ("A waiver of the right to appeal . . . includes a waiver of the right to appeal blatant error."). To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.

Id. at 1212–13 (citation omitted); *see also* United States v. Shockey, 538 F.3d 1355, 1357–58 (10th Cir.2008) (rejecting contention that enforcement of appeal waiver would amount to miscarriage of justice because defendant's sentence was so ambiguous as to be unlawful).

United States v. Little, 618 F. App'x 950, 951-52 (10th Cir. 2015). Defendant has offered no argument or authority demonstrating that his waiver was unlawful or improper; therefore, he cannot show a miscarriage of justice as required by Hahn. As a result, Defendant has waived his right to bring the present challenge.

## CONCLUSION

5

As set forth more fully herein, Defendant's claims are barred by the terms of the waiver included in the Plea Agreement. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 138), is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 31st day of May, 2016.

ROBIN J. CAUTHRON
United States District Judge